**HAMILTON LAW FIRM PC**
Ayesha Hamilton, Esq. (0003521999)
13 Roszel Road
Suite C 226
Princeton, New Jersey 08540
Tel. (609) 945-7310
Fax. (215) 699-8842
Email:  ahamilton@ahlawpc.com
Attorneys for Defendant Apps4Rent, LLC

---

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HallockShannon, P.C.** | : | Case No. _____ |
| | : | *Former Wyoming County Court Of* |
| Plaintiff, | : | *Common Pleas No. 2022-179* |
| | : | |
| v. | : | **NOTICE OF REMOVAL** |
| | : | **PURSUANT TO 28 U.S.C. § 1441** |
| **Apps4Rent, LLC** | : | |
| | : | |
| Defendant | : | |

I, Ayesha Hamilton, Esq., of the Hamilton Law Firm, P.C., counsel for Defendant Apps4Rent, LLC, do hereby file this Notice of Removal pursuant to 28 U.S.C. § 1441, which I hereby sign subject to Rule 11 of the Federal Rules of Civil Procedure, and, in support thereof, do hereby state as follows:

1. The above-captioned litigation was originally filed by Plaintiff HallockShannon, P.C. in the Pennsylvania Court of Common Pleas of Wyoming County on March 4, 2022, where it was assigned Docket No. 2022-179.

2. Defendant Apps4Rent, LLC now files this Notice of Removal to remove the above-captioned action to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C.A. § 1441(a), as this Court has original subject matter

jurisdiction over the above-captioned matter pursuant to diversity jurisdiction as set forth in 28 U.S.C.A. § 1332(a)(1).

3. Pursuant to the requirements of 28 U.S.C.A. § 1441(a), a copy of all process, pleadings, served upon Defendant Apps4Rent, LLC in the above-captioned matter are attached hereto. See a copy of Plaintiff's Summons and Complaint, attached hereto as Exhibit "A".

4. Defendant Apps4Rent, LLC was served with a copy of Plaintiff's Summons and Complaint in the above-captioned matter on or about March 5, 2022. Accordingly, this Notice of Removal is being timely filed pursuant to the 30 day time limit set forth in 28 U.S.C.A. § 1446(b)(1).

5. Pursuant to the requirements of 28 U.S.C.A. § 1446(a), Defendant Apps4Rent, LLC now sets forth a "short and plain statement of the grounds for removal" in the paragraphs that follow below.

6. 28 U.S.C.A. § 1441(a) provides in pertinent part as follows: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7. The above-captioned matter was originally filed in the Pennsylvania Court of Common Pleas of Wyoming County, which is within the jurisdiction of the U.S. District Court for the Middle District of Pennsylvania. Accordingly, this matter is properly removed to the Middle District.

8. Moreover, Defendant Apps4Rent, LLC respectfully submits that the Middle District has original subject matter jurisdiction over the above-captioned action on diversity jurisdiction grounds pursuant to 28 U.S.C.A. § 1332(a)(1), thereby rendering removal proper.

9. Pursuant to 28 U.S.C.A. § 1332(a)(1), diversity jurisdiction exists where, inter alia, "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the civil action is between "citizens of different states".

10. The issue of citizenship will be addressed first. Plaintiff HallockShannon, P.C. is a corporation. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C.A. § 1332(c)(1).

11. Here, Plaintiff HallockShannon, P.C. has asserted that it is "a private corporation licensed to practice business within the Commonwealth of Pennsylvania with a primary address of 293 State Street, Wylausing, Pennsylvania 18853." See Plaintiff's Complaint, ¶ 1. Moreover, a search on the Pennsylvania Department of State's Business Entity Search website indicates that Plaintiff HallockShannon is a domestic Professional Corporation, i.e., its state of incorporation is Pennsylvania.

12. Thus, Plaintiff HallockShannon, P.C. is a citizen of Pennsylvania for diversity jurisdiction purposes, as its primary (i.e. principal) business address is in Pennsylvania and as it was incorporated in Pennsylvania.

13. Defendant Apps4Rent, LLC is an LLC. "The citizenship of an LLC is determined by the citizenship of its members." Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015) (internal citation and quotation marks omitted).

14. Here, the sole member of Defendant Apps4Rent, LLC is Arun Gera, who reside(s) at 2002 Fifth Avenue, Apartment 7C, New York, New York.

15. Thus, Arun Gera, the owner of Defendant Apps4Rent, LLC is a citizen of New York for diversity jurisdiction purposes, as its members all reside in the State of New York.

16. Accordingly, there is complete diversity of citizenship between the parties, satisfying that requirement for diversity jurisdiction pursuant to 28 U.S.C.A. § 1332(a)(1).

17. With regard to the requirement that the amount in controversy be in excess of $75,000.00, 28 U.S.C.A § 1446(c)(2) provides as follows:

> **(2)** If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
> **(A) the notice of removal may assert the amount in controversy if the initial pleading seeks--**
> **(i)** nonmonetary relief; or
> **(ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and**
> **(B)** removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) **if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).** [Emphasis added.]

18. Here, Pennsylvania Rule of Civil Procedure 1021(b) provides that "Any pleading demanding relief for unliquidated damages shall not claim any specific sum".

19. Thus, 28 U.S.C.A. § 1446(c)(2) applies hereto, since Pennsylvania State practice does not permit demand for a specific sum of unliquidated damages.

4

20. Here, based upon the totality of Plaintiff's allegations in its complaint, as set forth in detail below, the Court should find that the amount in controversy exceeds $75,000.00. Please note that, in summarizing and quoting Plaintiff's allegations, Defendant Apps4Rent, LLC is <u>not</u> admitting the accuracy of <u>any</u> of Plaintiff's allegations, nor is Defendant admitting that Plaintiff is actually entitled to <u>any</u> damages. Defendant cites to Plaintiff's allegations, which Defendant disputes, solely to demonstrate the alleged amount in controversy.

21. As alleged in Plaintiff's complaint, "The Plaintiff is an accounting and payroll services company who provides payroll services **to a multitude of clients across Wyoming County and Northeastern Pennsylvania**." See Plaintiff's Complaint, ¶ 3 (emphasis added).

22. Plaintiff HallockShannon, P.C. alleges that, in 2018, it contracted with Defendant Apps4Rent, LLC to provide, <u>inter alia</u> a dedicated server that would allow Plaintiff to access its payroll applications and QuickBooks server 24 hours a day, 7 days a week. See Plaintiff's Complaint ¶¶ 4-6. Plaintiff alleges that it relied upon Defendant "to provide this server so that Plaintiff could proceed to provide payroll services to its clients." <u>Id</u>. at ¶ 7.

23. Plaintiff alleges that in and around June of 2021, "Plaintiff secured **a new large client** to provide ongoing monthly payroll services beginning with the July 1, 2021 payroll period." See Plaintiff's Complaint, ¶ 8 (emphasis added).

24. Plaintiff further alleges that on or about June 28, 2021, "Plaintiff was completely locked out of its virtual QuickBooks server and **unable to access any**

**information to provide payroll services to their clients, including the new large prospective client**." See Plaintiff's Complaint, ¶ 10 (emphasis added).

25. Plaintiff alleges that this lockout, which continued until July 2, 2021, was due to Defendant having been struck with a RansomWare attack. Plaintiff's Complaint, ¶¶ 11-13.

26. Plaintiff alleges that "Because of [Defendant's alleged] the failure to provide a protected and accessible server to the plaintiff, the **Plaintiff suffered <u>financial harm</u> in failing to be able to provide payroll services <u>to all their clients</u>**." See Plaintiff's complaint, ¶ 14 (emphasis added).

27. Plaintiff further alleges that "as a result of this breach of contract by the Defendant in failing to provide server access, **[Plaintiff] lost the new prospective client, as that client terminated the relationship with the plaintiff because of the failure to deliver the first established payroll.**" See Plaintiff's Complaint, ¶ 15 (emphasis added).

28. Plaintiff alleges that "Defendant's failure to provide the accessible server caused the Plaintiff <u>**substantial monetary harm**</u>" and seems recovery for all "losses sustained as a result of the disabled server. See Plaintiff's Complaint, ¶¶ 17-18 (emphasis added).

29. In the "WHEREFORE" clause, Plaintiff alleges that it is seeking "judgment in favor of Plaintiff and against the Defendant **in an amount in excess of the jurisdictional limit regarding arbitration referral by local rule, plus attorney's fees, penalties,** interest and costs." See Plaintiff's Complaint (emphasis added).

6

30. Local Rule 1301(a) of the 44th Judicial District of Pennsylvania's Court of Common Pleas (Wyoming and Sullivan County) sets the jurisdictional limit regarding arbitration referral at claims seeking **above $50,000** in damages, exclusive of interest and cost.

31. Thus, Plaintiff **concedes** that it is seeking **some amount in excess of $50,000.00**. However, Plaintiff does not in any way limit the maximum amount of damages it is seeking.

32. Based upon the allegations in Plaintiff's complaint, it is clear that Plaintiff is seeking more than $75,000.00 in damages.

33. Plaintiff has alleged that it suffered "**substantial monetary harm**" and that it lost a "**new large client**" as a result of Defendant's alleged breach of contract. See Plaintiff's Complaint, ¶¶ 8, 10, 17-18 (emphasis added).

34. In addition to the foregoing alleged loss, Plaintiff further asserts that "**Plaintiff suffered financial harm in failing to be able to provide payroll services to all their clients**." See Plaintiff's complaint, ¶ 14 (emphasis added). Plaintiff's clients allegedly include "**a multitude of clients across Wyoming County and Northeastern Pennsylvania**." See Plaintiff's Complaint, ¶ 3 (emphasis added).

35. In light of Plaintiff's admission that it is seeking some amount in excess of $50,000.00, Plaintiff's allegation of "substantial monetary harm" from losing a "new large client", and Plaintiff's allegation that it suffered "financial harm" with regard to "all" of its "multitude" of clients, it is clear that Plaintiff is seeking an amount in excess of $75,000.00,

7

thereby satisfying the jurisdictional amount for the removal of this action based upon diversity jurisdiction.

36. Thank you for the Court's consideration in this matter.

HAMILTON LAW FIRM PC
Counsel for the Plaintiffs


_/s/Ayesha Hamilton_
Ayesha Hamilton, Esq.
(NJ Atty. I.D. No. 003521999)

Dated: March 24, 2022